# Illinois Official Reports

## Appellate Court

---

### *People v. Blanchard*, 2015 IL App (1st) 132281

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTONIO BLANCHARD, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-13-2281 |
| Filed | October 13, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-CR-3655; the Hon. Sharon M. Sullivan, Judge, presiding. |
| Judgment | Remanded; dismissal vacated; fines and fees order modified. |
| Counsel on Appeal | Michael J. Pelletier and Jonathan Krieger, both of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Michele Grimaldi Stein, and Heather Fahrenkrog, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE PIERCE delivered the judgment of the court, with opinion.<br>Justices Neville and Simon concurred in the judgment and opinion. |

¶ 1 Defendant Antonio Blanchard, who had been convicted of armed robbery and sentenced to 40 years in prison, appeals the trial court's dismissal, on motion of the State, of his petition for postconviction relief. On appeal, defendant contends that his appointed postconviction counsel provided unreasonable assistance under Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984) by failing to review trial exhibits that contained evidence he asserts was crucial to his *pro se* claims. For relief, defendant requests remand for compliance with Rule 651(c). Defendant further contends that he should receive $5-per-day presentence custody credit against the $50 court system assessment.

¶ 2                              Appellate Background

¶ 3 On August 4, 2015, we issued a Rule 23 (Ill. S. Ct. R. 23 (eff. July 1, 2011)) order rejecting defendant's argument that postconviction counsel failed to comply with the requirements of Rule 651(c) where her certificates stated she examined the common law record and trial transcripts. We also ordered the clerk of the circuit court to modify the fines and fees order to reflect a credit of $50. Defendant filed a timely petition for rehearing contending our decision regarding postconviction counsel's compliance with Rule 651(c) was in error. By order dated August 27, 2015, we withdrew our Rule 23 order and granted the State leave to respond to the petition for rehearing. On September 10, 2015, the State filed its response and defendant thereafter filed a reply. After consideration of the parties' filings on rehearing, and for reasons hereafter stated, we grant defendant's petition for rehearing, vacate the order dismissing defendant's *pro se* petition and remand for postconviction counsel to comply with Rule 651(c). We direct the circuit court, after compliance with Rule 651(c), to reconsider defendant's postconviction petition. Further, we order modification of the fines and fees order.

¶ 4                                  Background

¶ 5 The facts underlying defendant's conviction are set forth in our decision on direct appeal and will be repeated here only as necessary. *People v. Blanchard*, No. 1-09-0753 (2010) (unpublished order under Supreme Court Rule 23). In brief, Michael Malachowsi testified at trial that on February 7, 2008, at about 6:30 a.m., defendant approached him, showed him a gun, and demanded his wallet. The victim complied, ran from the scene, and then called the police. Chicago police officer Hector Agosto testified that upon defendant's arrest shortly thereafter, he performed a custodial search and recovered a "credit card or debit bank card" from defendant's pants pocket. The card, which was later determined to be a credit card, belonged to the victim. Later that afternoon, the victim identified defendant in a lineup. Among the exhibits introduced by the State at trial were a photograph of the lineup, a photograph of defendant alone taken the same day as the lineup, and the victim's credit card.

¶ 6 On direct appeal, defendant contended that the evidence was insufficient to convict, that a 15-year firearm sentencing enhancement was improperly applied, that the trial court failed to conduct an adequate inquiry into his posttrial claim of ineffective assistance of counsel and failed to appoint new counsel pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), and that presentence incarceration credit must be applied toward the $30 Children's Advocacy Center fine imposed by the trial court. We affirmed defendant's conviction and sentence and ordered

modification of his fines. *People v. Blanchard*, No. 1-09-0753 (2010) (unpublished order under Supreme Court Rule 23).

¶ 7        In December 2011, defendant filed a *pro se* postconviction petition, raising claims that trial counsel was ineffective for not raising lack of probable cause to arrest, not challenging the lineup identifications as suggestive where defendant had visible cuts and bruises on his forehead and neck, and not challenging the physical evidence; that a detective perjured himself at trial; that the State introduced false evidence as to the credit card allegedly taken from the victim; that the trial court erred in allowing the prosecutor and defense attorney to make improper arguments during the inquiry into defendant's claims against trial counsel; and that he is actually innocent. Defendant attached to his petition portions of trial transcripts, selections from police reports, a photocopy of a lineup photograph, and letters to him from his appellate counsel.

¶ 8        The trial court docketed defendant's petition and appointed the Office of the Cook County Public Defender. At the next appearance, postconviction counsel informed the court that she had read the appellate briefs and mandates and had ordered the common law records, report of proceedings, and trial file. About four months later, in August 2012, counsel wrote defendant a letter informing him that she would not be amending his petition to substantiate his claims. Among other things, counsel mentioned in the letter that DNA and fingerprint testing on the victim's credit card was "not legally viable because the card was returned to [the victim], and has been in his possession for the last four years." The next day, counsel filed a Rule 651(c) certificate, indicating that she had consulted with defendant by letter and phone on numerous occasions to ascertain his contentions of deprivations of constitutional rights; had obtained and examined the transcripts and common law record, the appellate briefs, and the order issued on direct appeal; and had examined defendant's petition and investigated his claims, including his claim of actual innocence. Counsel indicated that the petition adequately presented defendant's claims of deprivations of constitutional rights and that, therefore, she had concluded it was unnecessary to make any amendments to the petition.

¶ 9        In September 2012, counsel filed a supplemental postconviction petition, arguing that the firearm sentencing add-on violated the proportionate penalties clause and cited new law in support of the claim. Along with the petition, counsel filed a new Rule 651(c) certificate, again indicating that she had consulted with defendant by letter and phone on numerous occasions to ascertain his contentions of deprivations of constitutional rights; had obtained and examined the transcripts and common law record, the appellate briefs, and the order issued on direct appeal; and had examined defendant's petition and investigated his claims, including his claim of actual innocence. Counsel related that she was unable to supplement defendant's claims of actual innocence and police perjury, but had supplemented his *pro se* claims with the challenge to the firearm sentencing add-on. Counsel stated that the original petition together with the supplemental petition adequately presented all of defendant's contentions of substantial deprivations of constitutional rights.

¶ 10       In October 2012, defendant filed a *pro se* motion for leave to amend his postconviction petition. Among other issues, defendant argued that there were problems with the chain of custody of the victim's credit card. Specifically, defendant argued that reports from evidence technicians investigating the case did not indicate that such a card was recovered on the day

of the crime. Defendant also noted that while counsel had written to him that the card was returned to the victim, the card had actually been submitted as an exhibit at trial.

¶ 11    The State filed a motion to dismiss defendant's petition and supplemental petition. Following a hearing, the trial court granted the State's motion.

¶ 12    On appeal, defendant contends that postconviction counsel provided unreasonable assistance under Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984) because she failed to review the trial exhibits, which he asserts contained evidence crucial to his *pro se* claims. Defendant argues that three of his postconviction claims turned on evidence introduced in the exhibits at trial: (1) he asserts that his claim of ineffective assistance of trial counsel for failing to challenge a suggestive lineup required examination of a lineup photo that depicts injuries to his forehead and neck; (2) he argues that his claim that the State used falsified evidence when it presented testimony that the victim's debit or credit card was recovered from defendant's pocket could only be resolved by physical examination of the card; and (3) he maintains that examination of that card was also crucial to his claim of actual innocence. Defendant concludes that because postconviction counsel failed to examine the exhibits, remand for compliance with Rule 651(c) is required.

¶ 13                              Analysis

¶ 14    Under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2010)), petitioners are entitled to a "reasonable" level of assistance of counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). To ensure this level of assistance, Rule 651(c) imposes three duties on appointed postconviction counsel. *Id.* Pursuant to the rule, either the record or a certificate filed by the attorney must show that counsel: (1) consulted with the petitioner to ascertain his contentions of constitutional deprivations; (2) examined the record of the trial proceedings; and (3) made any amendments to the filed *pro se* petitions necessary to adequately present the petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. Dec. 1, 1984); *Perkins*, 229 Ill. 2d at 42. The rule's third obligation does not require counsel to advance nonmeritorious claims on defendant's behalf. *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006); *People v. Greer*, 212 Ill. 2d 192, 205 (2004).

¶ 15    The purpose of Rule 651(c) is to ensure that postconviction counsel shapes the defendant's claims into a proper legal form and presents them to the court. *Perkins*, 229 Ill. 2d at 44. Substantial compliance with the rule is sufficient. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. Our review of an attorney's compliance with Rule 651(c) is *de novo*. *Id.* ¶ 17.

¶ 16    The filing of a Rule 651(c) certificate gives rise to a rebuttable presumption that postconviction counsel provided reasonable assistance. *Id.* ¶ 19. Here, postconviction counsel filed both an initial Rule 651(c) certificate as well as a second certificate when she filed a supplemental postconviction petition. Thus, the presumption exists that defendant received the representation required by the rule, and it is defendant's burden to overcome this presumption by demonstrating his attorney's failure to substantially comply with the duties mandated by Rule 651(c). *Id.*

¶ 17    As proof that counsel failed to review the trial exhibits, defendant points to the letter sent to him by counsel in August 2012 in which she states that DNA and fingerprint testing on the victim's credit card was not legally viable because the victim's bank card was returned to him and "has been in his possession for the last four years." Defendant argues that this

statement cannot be true, as the bank card was entered into evidence as an exhibit at trial in January 2009. While we agree with defendant that counsel's letter sets forth a time frame that cannot be completely accurate, we disagree with defendant that the letter shows counsel did not comply with Rule 651(c). The rule requires that either the record or the certificate must show that counsel: (1) consulted with the petitioner to ascertain his contentions of constitutional deprivations; (2) examined the record of the trial proceedings; and (3) made any amendments to the filed *pro se* petitions necessary to adequately present the petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. Dec. 1, 1984); *Perkins*, 229 Ill. 2d at 42. Here, counsel specifically stated in both her certificates that she had examined the common law record and had investigated defendant's claim of actual innocence. The excerpt from counsel's letter to defendant regarding the location of the victim's credit card does not prove that she did not examine the record or otherwise comply with Rule 651(c). Thus, the long line of authority stating that the filing of a Rule 651(c) certificate gives rise to a rebuttable presumption of reasonable assistance would ordinarily apply. See, *e.g.*, *People v. Bell*, 2014 IL App (3d) 120637, ¶ 10; *People v. Kirk*, 2012 IL App (1st) 101606, ¶ 19; *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23; *People v. Mendoza*, 402 Ill. App. 3d 808, 813 (2010); *People v. Rossi*, 387 Ill. App. 3d 1054, 1060 (2009); *People v. Marshall*, 375 Ill. App. 3d 670, 680 (2007).

¶ 18    Defendant does not argue that he has rebutted the presumption of substantial compliance but, rather, defendant asserts that counsel's certificate does not demonstrate compliance with Rule 651(c) because it does not indicate that counsel examined the exhibits, specifically the lineup photo and the victim's bank card. Counsel specifically certified that she had examined "the transcripts and common law record." This is important because Illinois Supreme Court Rule 612(d) (eff. Sept. 1, 2006) makes Supreme Court Rule 324 applicable to criminal cases and Rule 324 states "[t]he record shall be arranged in three sections: the common law record, the report of proceedings, and the trial exhibits." Ill. S. Ct. R. 324 (eff. Feb. 1, 1994); *People v. Appelgren*, 377 Ill. App. 3d 137, 140 (2007) ("The record consists of three parts: the common-law record, the report of proceedings, and the trial exhibits."). We will not presume that postconviction counsel failed to review or consider the exhibits simply because she failed to mention them explicitly in her Rule 651(c) certificates. However, we are unable to determine from counsel's certificates if she examined Blanchard's trial exhibits. This is especially so because our *de novo* review shows that the lineup exhibit and the victim's credit card are in fact present in the record on appeal. Thus, while nothing in Rule 651(c) suggests that the certificate is intended to be a comprehensive recounting of all of an attorney's postconviction efforts (*Jones*, 2011 IL App (1st) 092529, ¶ 24) where, as here, the postconviction petition identifies specific exhibits as a basis for the petition, good practice and completeness calls for the Rule 651(c) certification to address the exhibits in order for the presumption of compliance to be invoked and for a proper review of defendant's claims by this court.

¶ 19    Accordingly, we conclude that it is essential to our review that we determine exactly what was examined by postconviction counsel. We remand to the trial court to allow postconviction counsel to comply with the requirements of Rule 651(c), specifically as it relates to the exhibits referenced in defendant's postconviction petition and to allow a supplemental certificate to be filed, if requested. Upon compliance with Rule 651(c), we direct the circuit court to reconsider defendant's petition or amended petition.

¶ 20    Defendant next contends that pursuant to section 110-14(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-14(a) (West 2008)), he should receive $50 worth of $5-per-day presence custody credit against the $50 court system fee under section 5-1101 of the Counties Code (55 ILCS 5/5-1101(c)(1) (West 2008)) that was imposed by the trial court, as he served 399 days in custody awaiting sentence. Defendant argues that the court system fee represents a fine and thus should be offset by the $5-per-day presence custody credit. The State, in contrast, asserts that the charge is a fee that compensates the county for the cost of maintaining a court system and, therefore, is not subject to presence incarceration credit.

¶ 21    Defendant is correct that an offender who has been assessed one or more fines is entitled to a $5-per-day credit for time spent in custody as a result of the offense for which the sentence was imposed. 725 ILCS 5/110-14(a) (West 2008). The $5-per-day credit applies to "fines," but not to other fees or costs. *People v. Pittman*, 2014 IL App (1st) 123499, ¶ 41. A "fine" is a charge that is punitive in nature and not intended to compensate the State for costs incurred in prosecuting the defendant but, instead, to finance the court system. *People v. Breeden*, 2014 IL App (4th) 121049, ¶ 83 (Appleton, P.J., concurring in part and dissenting in part).

¶ 22    In *People v. Graves*, 235 Ill. 2d 244, 253 (2009), our supreme court held that the various charges included in section 5-1101 of the Counties Code represent fines, that is, monetary penalties to be paid by a defendant who pleads or is found guilty of certain offenses. This court has adopted the conclusion in *Graves* that the charges imposed under section 5-1101 are fines in several cases, including *People v. Ackerman*, 2014 IL App (3d) 120585, ¶ 30, *People v. Wynn*, 2013 IL App (2d) 120575, ¶ 17, and *People v. Smith*, 2013 IL App (2d) 120691, ¶ 21. The State acknowledges these decisions, but submits that *Graves* is distinguishable and that the other cases were wrongly decided and should not be followed. Despite the State's urgings, we find no basis to depart from *Ackerman*, *Wynn*, *Smith*, or those decisions' reliance upon the binding authority in *Graves*. In line with these cases, we hold that the $50 court system fee imposed in this case pursuant to section 5-1101(c) is a fine for which defendant can receive credit for the 399 days he spent in presence custody. However, because the amount credited may not exceed the total amount of the fines imposed, defendant's $5-per-day presence custody credit is limited to $50. 725 ILCS 5/110-14(a) (West 2008). We order the clerk of the circuit court to modify the fines and fees order to reflect this credit.

¶ 23    Finally, defendant acknowledges that by making the above change to the imposed fines, his Violent Crime Victim Assistance fine must be revised upwards from $4 to $8. 725 ILCS 240/10(b) (West 2008); *People v. Jamison*, 229 Ill. 2d 184, 193 (2008). We accept defendant's position. Accordingly, we order the clerk of the circuit court to modify the fines and fees order to reflect this increase.

¶ 24    Remanded; dismissal vacated; fines and fees order modified.