NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2019 IL App (4th) 170293-U

NO. 4-17-0293

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 23, 2019
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| TRESHAUN M. JAKE, | ) | No. 12CF1318 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

---

PRESIDING JUSTICE HOLDER WHITE delivered the judgment of the court. Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed, concluding postconviction counsel complied with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), thus rendering reasonable assistance of counsel.

¶ 2     In September 2016, defendant filed a *pro se* postconviction petition, raising claims of ineffective assistance of trial counsel where counsel failed to (1) impeach a witness with her prior inconsistent statement, (2) object to prejudicial hearsay statements, (3) tender a jury instruction regarding a witness's prior inconsistent statement, and (4) file a motion to quash arrest and suppress statement. The trial court advanced defendant's petition to the second stage proceedings and appointed counsel to represent defendant.

¶ 3     In December 2016, appointed counsel filed an amended petition for postconviction relief, alleging ineffective assistance of trial counsel where counsel failed to (1) impeach a witness with her prior inconsistent statements and (2) object to a witness's

testimony at trial. In addition, postconviction counsel identified issues lacking merit from defendant's *pro se* petition that he chose not to raise in the amended petition and explained why he omitted the issues. Counsel did file a Rule 651(c) certificate. The State filed an answer, and the amended petition proceeded to an April 2017 evidentiary hearing. After hearing the evidence relevant to the claims in defendant's amended petition, the trial court denied the postconviction petition.

¶ 4     On appeal, defendant argues he was denied reasonable assistance of postconviction counsel, where counsel failed to (1) sufficiently consult with defendant to ascertain his contentions and (2) amend defendant's *pro se* postconviction petition to present defendant's claim that trial counsel was ineffective for failing to file a motion to quash defendant's illegal arrest and suppress his July 4, 2012, statement to police. We affirm.

¶ 5                                I. BACKGROUND

¶ 6                           A. Trial Court Proceedings

¶ 7     In August 2012, the State charged defendant with three counts of first degree murder arising from the death of Desirae Austin. Count I alleged felony murder, asserting defendant, or one for whose conduct he was legally responsible, while committing the forcible felony of mob action and armed with a firearm, knowingly and by the use of force disturbed the public peace by discharging a firearm in the direction of Johnnie Campbell and Rajon Campbell, thereby causing the death of Desirae (720 ILCS 5/9-1(a)(3) (West 2010)). Count II alleged defendant, without lawful justification and with the intent to kill or do great bodily harm to Desirae or another, discharged a firearm in Desirae's direction, thereby causing her death (720 ILCS 5/9-1(a)(1) (West 2010)). Count III alleged defendant, without lawful justification, discharged a firearm in the direction of Desirae or another, knowing that act created a strong

probability of death or great bodily harm, thereby causing Desirae's death (720 ILCS 5/9-1(a)(2) (West 2010)).

¶ 8            The case proceeded to an October 2013 jury trial.  We summarize only the evidence necessary for disposition of this appeal.

¶ 9            On July 4, 2012, an altercation broke out near the dimly lit intersection of Cruising Lane and Thornton Drive in Champaign, Illinois.  The altercation occurred shortly after 10 p.m., following a nearby fireworks display, as the crowd dispersed from the festivities.

¶ 10            Johnnie Campbell testified that on the evening in question, he argued with Antwan Anderson and Phil Myrick in front of 1605 Cruising Lane.  Upon realizing the argument was escalating to a physical confrontation, Johnnie briefly left the scene and enlisted the aid of his brother, Rajon Campbell.  Upon his return, Johnnie testified he observed an unspecified number of individuals coming around the corner carrying guns.  One of those individuals, defendant, joined Phil and Antwan.  According to Johnnie, defendant, Phil, and Antwan all held guns.  At this time, the streets were crowded with dozens of people.  Johnnie testified that someone began shooting, at which time he and Rajon ran.  Tiffany Dishman, who was watching the altercation, observed defendant shoot his gun in the air.  Tiffany said, at the urging of the crowd, defendant then leveled his gun at Johnnie and Rajon and started firing.

¶ 11            Ranece Fondia, who lived at 1605 Cruising Lane, observed defendant firing into the crowd.  She knew the shots came from defendant's gun because she saw the flash with each shot. She then retreated inside her house.  On cross-examination, Ranece testified she recognized defendant because she had known him for a long time and denied telling police she only later learned the shooter was defendant.  Howard Britt Jr., who lived at 1608 Cruising Lane,

testified defendant was among the "bunch of boys" involved in the altercation. Britt also noted the darkness made it difficult to see.

¶ 12        When the gunfire ended, Desirae was lying in the middle of the street with a fatal gunshot wound to the chest. While Tiffany attempted to help Desirae, Anthony Meads walked down the street and twice fired a shotgun into the air. Ranece returned to her porch and overheard an exchange between Antwan and defendant. She testified she overheard Antwan say, "you shot that girl" and defendant responded, "I don't give a f***."

¶ 13        While conducting the investigation, officers discovered numerous shell casings near 1607 Cruising Lane, including casings from a .9-millimeter Luger, a shotgun, a .40-caliber gun, and a .45-caliber gun. Defendant and Anthony were standing in the driveway at the time police discovered the shell casings, causing the officers to take defendant into custody for further questioning. Anthony had a .45-caliber handgun on his person, which was later determined to be the gun that fired the fatal shot. At the time of his arrest, defendant possessed no weapons, bullets, or other items of evidentiary value. No forensic evidence—fingerprints, gunshot residue, or deoxyribonucleic acid—demonstrated defendant or Anthony fired the .45-caliber handgun.

¶ 14        In an interview defendant gave to police on July 4, 2012, defendant stated he was walking with his girlfriend, Khdijah, to meet her mother at the time the shooting occurred. He said he arrived at his friend Antwan's house, 1607 Cruising Lane, to discover police on the scene conducting an investigation. He told police he was not involved in any altercations or shootings that evening. Police had difficulty locating any eyewitnesses the night of the shooting; rather, most witnesses were located later in the investigative process. As a result, police released defendant after questioning him on July 4, 2012. They rearrested defendant in August 2012 after investigators obtained additional information.

¶ 15          Defendant reiterated his July 4, 2012, statement during two August 2012 interviews.  Additionally, Shalonda Foreman, Khdijah's mother, testified she was on the phone with defendant and Khdijah from approximately 10 p.m. until 10:40 p.m. as they provided directions to help her navigate her car through the crowded streets to their location.  According to Shalonda, she then picked defendant and Khdijah up and, shortly thereafter, dropped defendant off at an alley.

¶ 16          At the close of evidence, the jury found defendant guilty of first degree murder. The trial court sentenced defendant to 65 years' imprisonment.

¶ 17          On direct appeal, defendant argued (1) defense counsel provided ineffective assistance of counsel where counsel failed to (i) file a motion to quash defendant's July 4, 2012, arrest and suppress statements arising from that arrest; (ii) object to prejudicial hearsay statements; (iii) perfect impeachment of the State's witnesses; and (iv) tender a jury instruction regarding witnesses' prior inconsistent statements, and (2) his 65-year sentence was excessive. In January 2016, this court affirmed defendant's conviction and sentence, finding that the ineffective assistance of counsel claims "would best be addressed in a collateral proceeding rather than on direct appeal."  *People v. Jake*, 2016 IL App (4th) 140124-U, ¶ 44.

¶ 18                              B. Postconviction Proceedings

¶ 19          In September 2016, defendant filed a *pro se* postconviction petition, raising claims of ineffective assistance of trial counsel where counsel failed to (1) impeach Ranece with her prior inconsistent statement, (2) object to prejudicial hearsay statements, (3) tender a jury instruction regarding Ranece's prior inconsistent statement, and (4) file a motion to quash arrest and suppress defendant's statement.  Subsequently, the trial court advanced defendant's petition to second stage proceedings and appointed counsel to represent defendant.

¶ 20        In December 2016, appointed counsel filed an amended petition for postconviction relief, alleging ineffective assistance of trial counsel where counsel failed to (1) impeach Ranece with her prior inconsistent statement and (2) object to Ranece's testimony at trial. Postconviction counsel also identified those issues from defendant's *pro se* petition that he chose not to raise in the amended petition for lack of merit and included reasoning for omitting the issues. Specifically, counsel declined to raise a claim of ineffective assistance of trial counsel for failing to file a motion to quash and suppress statements made during defendant's interviews with police, because defendant maintained in every statement that he was not present for the shooting. Counsel stated that keeping defendant's statements in evidence was simply part of trial strategy, where the statements bolstered defendant's alibi defense. Counsel also filed a Rule 651(c) certificate.

¶ 21        The State filed an answer, and the amended petition proceeded to an April 2017 evidentiary hearing. After hearing the evidence relevant to the claims in defendant's amended petition, the trial court denied the postconviction petition, finding that Ranece knew defendant and his family but had simply gotten their names mixed up.

¶ 22        This appeal followed.

¶ 23                                II. ANALYSIS

¶ 24        On appeal, defendant argues he was denied reasonable assistance of postconviction counsel, where counsel failed to (1) sufficiently consult with defendant to ascertain his contentions and (2) amend defendant's *pro se* postconviction petition to present defendant's claim that trial counsel was ineffective for failing to file a motion to quash defendant's illegal arrest and suppress his July 4, 2012, statement to police. The State maintains that postconviction counsel provided defendant with reasonable assistance where counsel

consulted with defendant and declined to raise a claim of ineffective assistance of trial counsel for failing to quash arrest and suppress statements where the claim lacked merit. We agree with the State and affirm.

¶ 25 The right to counsel in postconviction proceedings is wholly statutory, and petitioners are only entitled to the level of assistance provided for in the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2016)). *People v. Suarez*, 224 Ill. 2d 37, 42, 862 N.E.2d 977, 979 (2007) (citing *People v. Turner*, 187 Ill. 2d 406, 410, 719 N.E.2d 725, 727-28 (1999)). "The Act provides for a reasonable level of assistance." *Id.* (citing *People v. Flores*, 153 Ill. 2d 264, 276, 606 N.E.2d 1078, 1084 (1992)).

¶ 26 In order to assure a reasonable level of assistance, Illinois Supreme Court Rule 651(c) requires that postconviction counsel (1) consult with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, (2) examine the record of the proceedings at the trial, and (3) make any amendments necessary to the *pro se* petition to adequately present petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Rule 651(c) "does not require counsel to advance frivolous or spurious claims on defendant's behalf." *People v. Pendleton*, 223 Ill. 2d 458, 472, 861 N.E.2d 999, 1007 (2006); *People v. Greer*, 212 Ill. 2d 192, 205, 817 N.E.2d 511, 519 (2004).

¶ 27 Here, appointed counsel filed a certificate pursuant to Rule 651(c) (eff. July 1, 2017). "The filing of a facially valid Rule 651(c) certificate creates a rebuttable presumption that counsel acted reasonably and complied with the rule." *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 25, 67 N.E.3d 976. "It is defendant's burden to overcome this presumption ***." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19, 974 N.E.2d 813. On appeal, we review an

attorney's compliance with Rule 651(c) *de novo*. *People v. Blanchard*, 2015 IL App (1st) 132281, ¶ 15, 43 N.E.3d 1077.

¶ 28    Defendant acknowledges postconviction counsel filed a Rule 651(c) certificate and is therefore presumed to have provided reasonable assistance. However, defendant argues the record rebuts this presumption because it shows postconviction counsel failed to (1) consult with him enough to understand that his ineffective assistance claim quashing arrest and seeking suppression of statements pertained only to defendant's July 4, 2012, statement to police, not subsequent statements to police and (2) amend defendant's *pro se* postconviction petition to include defendant's claim that trial counsel was ineffective for failing to file a motion to quash defendant's illegal arrest and suppress his July 4, 2012, statement to police.

¶ 29    We disagree with defendant's assertion that postconviction counsel violated Rule 651(c) by filing a deficient amended postconviction petition. The record does not indicate that postconviction counsel's representation was either inadequate or unreasonable.

¶ 30    Upon review of the amended petition, postconviction counsel provided the trial court with a thoughtful analysis of the potential claims, both the claims counsel raised and the claims counsel deemed lacked merit. Defendant argues postconviction counsel argued against his interests where counsel included issues not raised in the amended petition and provided reasoning for omitting the issues. Under *People v. Kuehner*, 2015 IL 117695, 32 N.E.3d 655, counsel was not required to provide reasoning for each omitted claim in his amended postconviction petition. *Kuehner* only requires an explanation of claims that lack merit where an attorney is moving to withdraw. *Id.* ¶¶ 15-16. While counsel was not moving to withdraw, we do not find postconviction counsel's inclusion of the omitted claims with reasoning in his amended postconviction petition resulted in unreasonable assistance by counsel.

¶ 31 Postconviction counsel declined to raise a claim of ineffective assistance of trial counsel for failing to file a motion to quash and suppress statements made during defendant's interviews with police because defendant maintained in all his statements to police that he was not present during the shooting. The fact that postconviction counsel referred to all of defendant's statements to police in his analysis of the issue and not just defendant's July 4, 2012, statement to police does not indicate counsel failed to consult with defendant sufficiently enough to understand his allegations of error.

¶ 32 The decision not to suppress defendant's July 4, 2012, statement to police was entirely within trial counsel's sound discretion and trial strategy. Even assuming *arguendo* that the police illegally elicited defendant's July 4 statement, all of defendant's statements to police were entirely exculpatory and presented an alibi that was consistent with the defendant's theory of the case presented at trial. Moreover, defendant's July 4, 2012, statement closely mirrors the testimony provided by Shalonda Foreman. Suppressing defendant's July 4, 2012, statement does nothing to remove Foreman's testimony before the jury. Therefore, trial counsel's failure to suppress defendant's July 4 statement to police failed to prejudice defendant. Furthermore, at trial, the State presented overwhelming evidence of defendant's guilt. See *People v. Nash*, 27 Ill. App. 3d 462, 462, 326 N.E.2d 566, 568 (1975).

¶ 33 Postconviction counsel also was under no obligation to include all of defendant's allegations in his amended petition. See Ill. S. Ct. R. 651(c) (eff. July 1, 2017) (Postconviction counsel is not required to raise every argument made by defendant but rather provide reasonable representation by making necessary amendments that adequately present defendant's contentions). Counsel is not required to advance frivolous claims on defendant's behalf. See *Pendleton*, 223 Ill. 2d at 472. Here, postconviction counsel determined trial counsel's decision

not to suppress defendant's July 4, 2012, statement to police was reasonable trial strategy, thus postconviction counsel properly declined to raise defendant's ineffective assistance claim on appeal for lack of merit. Therefore, postconviction counsel amended defendant's petition to include only the issues he could adequately present. As noted above, the filing of a facially valid Rule 651(c) certificate creates a rebuttable presumption that counsel acted reasonably.

¶ 34 Defendant failed to prove postconviction counsel provided unreasonable assistance where his allegations are devoid of facts to support the existence of a Rule 651(c) violation. Because defendant failed to overcome this presumption, we find no Rule 651(c) violation occurred and counsel rendered reasonable assistance during postconviction proceedings. Accordingly, we affirm the trial court's judgment.

¶ 35                                III. CONCLUSION

¶ 36          For the reasons stated, we affirm the trial court's judgment.

¶ 37          Affirmed.