NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180462-U

NO. 4-18-0462

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 16, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Logan County |
| DENNIS L. ANDERSON JR., | ) | No. 09CF108 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William G. Workman, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed the trial court's dismissal of defendant's amended postconviction petition where defendant received reasonable assistance from his postconviction counsel.

¶ 2    Following a February 2011 trial, a jury convicted defendant, Dennis L. Anderson Jr., of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2008)). The trial court later sentenced defendant to 30 years in prison.

¶ 3    In March 2016, defendant *pro se* filed a petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)), which his appointed counsel later amended. In June 2017, the trial court dismissed defendant's amended postconviction petition, finding, in pertinent part, the filing of the petition was barred on timeliness grounds and the delay was not excused due to a lack of culpable negligence.

¶ 4		Defendant appeals, arguing he was denied the reasonable assistance of postconviction counsel because counsel failed to amend defendant's postconviction petition with sufficient factual detail to show the late filing of the postconviction petition was not due to his culpable negligence. We affirm.

¶ 5		I. BACKGROUND

¶ 6		In February 2011, a jury convicted defendant of two counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2008)). The charges stemmed from allegations made by M.K., a minor under the age of 13, regarding two instances of sexual penetration. In June 2011, the trial court sentenced defendant to two consecutive sentences of 15 years in prison.

¶ 7		In June 2013, this court affirmed defendant's conviction and sentence on direct appeal. *People v. Anderson*, 2013 IL App (4th) 110758-U, ¶ 2. Defendant did not file a petition for leave to appeal to the Supreme Court of Illinois or a petition for *certiorari* to the United States Supreme Court.

¶ 8		In October 2014, defendant filed *pro se* a petition pursuant to the Act (725 ILCS 5/122-1 *et seq.* (West 2014)), alleging several violations of his constitutional rights.

¶ 9		In July 2015, defendant filed a motion to withdraw the *pro se* postconviction petition. Defendant stated he "did not participate in the preparation and filing of the said petition" and requested to voluntarily withdraw it. Following a hearing on the matter, the trial court granted defendant's motion to withdraw the postconviction petition.

¶ 10		In March 2016, defendant filed a motion "to refile and reinstate" the *pro se* postconviction petition. Defendant asserted that "when a court allows a defendant to voluntarily withdraw an initial post-conviction petition, the defendant can refile and reinstate a petition and

- 2 -

have it treated as the original." Defendant attached an amended *pro se* postconviction petition to the motion, wherein he raised several claims of ineffective assistance of trial and appellate counsel.

¶ 11 In July 2016, the State filed a motion to dismiss the *pro se* postconviction petition. In the motion, the State argued dismissal was proper as the petition (1) was untimely and (2) failed to allege facts showing the delay in filing was not due to defendant's culpable negligence.

¶ 12 In March 2017, defendant, through postconviction counsel, filed an amended postconviction petition. Postconviction counsel also filed a certificate in compliance with Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). The amended petition acknowledged defendant's *pro se* postconviction petition was not timely filed but maintained defendant was not culpably negligent. The amended petition stated as follows:

> "[Defendant] was being housed in Menard Correctional Center [(Menard)] during the time prior to the filing of his first petition. Menard was on frequent lockdown which allowed [defendant] only one hour each week to go to the law library and even then, there was no guarantee that the library was available each week. Additionally, when [defendant] first arrived at Menard *** he gave his only copies of his transcripts to his wife *** during a visit. Thereafter, the two divorced and Mrs. Anderson wouldn't return the transcripts to [defendant]. This made it extremely difficult to draft his *pro-se* petition. He even tried obtaining additional copies of the transcripts using other means ***. Finally, [defendant] suffers from a learning disability that makes it hard for him to read and comprehend what he has read."

The petition also alleged defendant received ineffective assistance of his trial counsel, where counsel "never discussed plea negotiations with [defendant] and never told him there was a formal offer still on the table." The petition further alleged ineffective assistance of appellate counsel for failing to raise the asserted issue in defendant's direct appeal.

¶ 13    Defendant included an affidavit in support of his claim of delay. In his own affidavit, defendant detailed his efforts to obtain additional copies of transcripts from his trial and appellate counsel, as well as the trial court. While incarcerated at Menard, defendant stated he "was not allowed much access to the Law Library to perform legal research regarding [his] post-conviction." Defendant also stated he "suffer[s] from a learning disorder that does not allow [him] to comprehend things well."

¶ 14    On May 1, 2017, the State filed an amended motion to dismiss, arguing defendant was required to file his postconviction petition within six months from the date he could have filed a petition for leave to appeal (PLA). Defendant's direct appeal was decided in June 2013, and the deadline to file a PLA was in July 2013. Defendant did not file his initial postconviction petition until October 2014. The State further argued defendant did not set forth any basis to conclude his (1) limited access to the law library at Menard and (2) giving away of his transcripts to his wife delayed his ability to file a timely postconviction petition. The State also noted defendant's "mental health issue by itself does not establish that [defendant] was incapable of filing [a] timely post-conviction petition."

¶ 15    On May 24, 2017, the trial court conducted a hearing on the State's amended motion to dismiss. Following argument, the court took the matter under advisement.

¶ 16    In June 2018, the trial court entered a written order granting the State's motion to dismiss defendant's amended postconviction petition. The court found defendant's petition was

untimely, as defendant was required to file his postconviction petition within six months from the date he could have filed a PLA and he failed "to file his petition for post-conviction relief no later than January 2014." The court also found defendant was culpably negligent for the late filing because defendant failed to allege facts or dates sufficient enough to excuse the delay regarding his (1) limited access to the law library at Menard and (2) giving away of his transcripts to his wife.

¶ 17 This appeal followed.

¶ 18                                    II. ANALYSIS

¶ 19 On appeal, defendant argues he was denied the reasonable assistance of his postconviction counsel because counsel failed to amend defendant's postconviction petition with sufficient factual detail to show the late filing of the petition was not due to his culpable negligence. Specifically, defendant asserts postconviction counsel failed to amend the petition to include "specific dates that [defendant] was unable to access the law library or could not obtain his trial transcripts."

¶ 20 The Act provides a criminal defendant the means to redress substantial violations of his constitutional rights that occurred in his original trial or sentencing. *People v. Crenshaw*, 2015 IL App (4th) 131035, ¶ 23, 38 N.E.3d 1256; 725 ILCS 5/122-1 (West 2014). A proceeding under the Act is collateral and not an appeal from the defendant's conviction and sentence. *Crenshaw*, 2015 IL App (4th) 131035, ¶ 23.

¶ 21 The Act contains a three-stage procedure for relief. *People v. Allen*, 2015 IL 113135, ¶ 21, 32 N.E.3d 615; 725 ILCS 5/122-2.1 (West 2014). Within the first 90 days after the petition is filed and docketed, the trial court shall dismiss a petition summarily if the court determines it is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2014).

A petition may be dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact. *Allen*, 2015 IL 113135, ¶ 25.

¶ 22    If the court does not dismiss the petition, then it proceeds to the second stage at which the court may appoint counsel for an indigent defendant. *People v. Pendleton*, 223 Ill. 2d 458, 472, 861 N.E.2d 999, 1007 (2006). Defense counsel may amend the defendant's petition to ensure the defendant's contentions are adequately presented. *Id.*

¶ 23    At the second stage, the State may file a motion to dismiss the defendant's petition as being untimely. *Id.* As seen below, the Act provides the following time restrictions:

> "When a defendant has a sentence other than death, no proceedings under this Article shall be commenced more than 6 months after the conclusion of proceedings in the United States Supreme Court, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence. If a petition for [*certiorari*] is not filed, no proceedings under this Article shall be commenced more than 6 months from the date for filing a [*certiorari*] petition, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence. If a defendant does not file a direct appeal, the post-conviction petition shall be filed no later than 3 years from the date of conviction, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence.
>
> This limitation does not apply to a petition advancing a claim of actual innocence." 725 ILCS 5/122-1(c) (West 2014).

¶ 24        This six-month deadline also applies when a defendant files an appeal to the Illinois Appellate Court but does not file a subsequent appeal to the Illinois Supreme Court. *People v. Johnson*, 2017 IL 120310, ¶ 24, 77 N.E.3d 615.

¶ 25        A petition which is untimely will not be dismissed if the petitioner alleges facts showing the delay was not due to his culpable negligence. *Id.* ¶ 25; 725 ILCS 5/122-1(c) (West 2014). The term "culpably negligent" means "something greater than ordinary negligence and is akin to recklessness." *People v. Boclair*, 202 Ill. 2d 89, 108, 789 N.E.2d 734, 745 (2002). The defendant's ignorance of the law will not excuse his delay in bringing a postconviction petition. *Id.* at 104-05. A defendant is culpably negligent if he entrusts his postconviction petition to lay persons (jailhouse lawyers or prison librarians). *People v. Lander*, 215 Ill. 2d 577, 583, 831 N.E.2d 596, 599 (2005). However, a defendant is not culpably negligent if he reasonably relies upon the incorrect advice of his attorney. *People v. Marino*, 397 Ill. App. 3d 1030, 1034, 927 N.E.2d 75, 79 (2010).

¶ 26        In postconviction proceedings, the right to counsel is entirely statutory. *Lander*, 215 Ill. 2d at 583. The Act requires counsel only to provide a defendant with a reasonable level of assistance. *Id.* Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) "imposes specific obligations on postconviction counsel to assure the reasonable level of assistance required by the Act." *Id.* at 584. Under this rule, postconviction counsel must (1) consult with the defendant either by mail or in person to ascertain the contentions of deprivation of constitutional rights, (2) examine the record of the trial court proceedings, and (3) make any amendments to the *pro se* petition necessary for an adequate presentation of the defendant's contentions. *People v. Perkins*, 229 Ill. 2d 34, 42, 890 N.E.2d 398, 403 (2007). However, the duty to amend a *pro se* petition

"does not require counsel to advance frivolous or spurious claims on defendant's behalf." *Pendleton*, 223 Ill. 2d at 472.

¶ 27        In *Perkins*, the supreme court reasoned as follows:

"In sum, consistent with the plain language of Rule 651(c), its purpose, and our prior decisions, we hold that Rule 651(c) requires counsel to amend an untimely *pro se* petition to allege any available facts necessary to establish that the delay was not due to the petitioner's culpable negligence. In discharging this duty, counsel must inquire of the petitioner whether there is any excuse for the delay in filing. As a practical matter, any potential excuse for the late filing will often be discovered by speaking with the petitioner. Counsel must also allege any excuse for the delay in filing apparent from the pleadings and the portions of the record counsel must review to present petitioner's claims." *Perkins*, 229 Ill. 2d at 49-50.

¶ 28        The defendant bears the burden of demonstrating his attorney failed to comply with Rule 651(c). *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23, 955 N.E.2d 1200. The filing of a Rule 651(c) certificate raises a presumption postconviction counsel adequately investigated, amended, and properly presented the defendant's claims. *Id.* Regardless of whether the claims raised in the petition have merit, remand is required when postconviction counsel fails to comply with Rule 651(c). *People v. Suarez*, 224 Ill. 2d 37, 47, 862 N.E.2d 977, 982 (2007). The appellate court reviews *de novo* whether an attorney complied with Rule 651(c). *People v. Blanchard*, 2015 IL App (1st) 132281, ¶ 15, 43 N.E.3d 1077.

¶ 29　　　　　Here, postconviction counsel filed a Rule 651(c) certificate attesting she complied with the requirements of the rule. Further, counsel amended defendant's *pro se* postconviction petition and included defendant's own affidavit to support her argument the untimely filing of defendant's petition was not the result of his culpable negligence. Significantly, we note defendant does not assert what "available and necessary facts" he could have provided regarding "specific dates that he was unable to access the law library or could not obtain his trial transcripts." The record demonstrates counsel provided reasonable assistance and made every effort to convince the trial court to excuse the untimely filing. In the amended petition, counsel included the following facts to show defendant's lack of culpable negligence regarding the untimely filing of his postconviction petition: (1) because Menard was on frequent lockdown, defendant was only allowed one hour each week to go to the law library which was not guaranteed; (2) defendant gave the only copies he had of his transcripts to his wife, which she would not return following their divorce; and (3) defendant suffers from a learning disability, which "makes it hard for him to read and comprehend what he has read." Defendant did not allege these facts in his *pro se* petition, which, contrary to defendant's assertion, indicates postconviction counsel did incorporate additional "available and necessary facts" in the amended petition concerning the untimeliness issue.

¶ 30　　　　　　　　　　　　III. CONCLUSION

¶ 31　　　　　We affirm the trial court's judgment.

¶ 32　　　　　Affirmed.