2025 IL App (1st) 241096-U

FIRST DISTRICT,
SIXTH DIVISION
August 8, 2025

No. 1-24-1096

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 16 CR 1380702 |
| | ) | |
| ALLEN JAMES, | ) | Honorable |
| | ) | Nicholas Kantas, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE GAMRATH delivered the judgment of the court.
Justices Hyman and C.A. Walker concurred in the judgment.

**ORDER**

¶ 1      *Held*: The circuit court's judgment is vacated where the postconviction petition identifies an affidavit as a basis for the petition, but there is no affidavit attached or any mention of the affidavit or witness in the Rule 651(c) certification. Case is remanded to allow postconviction counsel to comply with the requirements of Rule 651(c) and for the State to file a motion to correct defendant's written sentencing order.

¶ 2      Defendant Allen James appeals from the second-stage dismissal of his postconviction petition filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West

2022)). On appeal, James contends that postconviction counsel was unreasonable for adopting his *pro se* postconviction petition without amending the petition to provide an affidavit in support of his actual innocence claim. The State asks this court to affirm the circuit court's dismissal and correct James's mittimus to reflect the accurate sentence imposed by the circuit court. For the reasons stated below, we vacate the dismissal of James's postconviction petition and remand with directions.

¶ 3                                   I. BACKGROUND

¶ 4        Following a bench trial, James was convicted of home invasion, armed robbery, residential burglary, and aggravated unlawful restraint and sentenced to a total of 28 years' imprisonment. On direct appeal, James challenged the sufficiency of the evidence. We affirmed. *People v. James*, 2021 IL App (1st) 190063-U, ¶¶ 1, 32. James subsequently filed a petition for postconviction relief under the Act, alleging ineffective assistance of trial counsel, actual innocence, and ineffective assistance of appellate counsel. On May 7, 2024, the circuit court granted the State's motion to dismiss in a written order. James appeals, raising a single issue that postconviction counsel was ineffective and failed to comply with her obligations under Supreme Court Rule 651(c) by not amending James's *pro se* petition to provide an affidavit of Hahdessa Figgures in support of James's actual innocence claim.

¶ 5        James's *pro se* petition asserts a claim of actual innocence, relying on a purported affidavit of Figgures, which, according to James, revealed that Figgures's nieces gave false testimony at James's trial and explained that Figgures provided "fabricated information" to police "due to mental stress while she was under physical duress when she paniced [*sic*] after being jailed for a crime of passion." James did not attach the affidavit to his petition and no such affidavit appears in the record.

¶ 6        On August 26, 2022, the circuit court docketed James's postconviction petition and appointed counsel. James's counsel, Assistant Public Defender (APD) Tiffin Price, did not amend the *pro se* petition, but provided a Rule 651(c) certificate, an amended certificate, and attached an affidavit of Sharmain Williams. Price did not attach the affidavit of Figgures mentioned in James's *pro se* petition, nor did she explain its absence. In a written order issued May 7, 2024, the circuit court dismissed James's postconviction petition and, among other things, rejected his claim of actual innocence, noting, "Petitioner fails to actually provide an affidavit from Hahdessa Figgures" and "provides no evidence or indication stating that Figgures now wishes to contravene her previously attested statements implicating Petitioner in his crimes."

¶ 7        James appeals, arguing postconviction counsel failed to comply with Rule 651(c) because counsel adopted his *pro se* postconviction petition without amending the petition to include Figgures's affidavit or "explain its absence in a supplemental petition." In response, the State contends that James cannot overcome the presumption of reasonable assistance created by counsel's Rule 651(c) certificate. Additionally, the State asks to correct the mittimus to accurately reflect the 28-year sentence.

¶ 8                                II. ANALYSIS

¶ 9                        A. Compliance with Rule 651(c)

¶ 10        The Illinois Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 through 122-8 (West 2020)) provides a tool by which those under criminal sentence may assert that their convictions were the result of a substantial denial of their constitutional rights. 725 ILCS 5/122-1(a) (West 2020); *People v. Coleman*, 183 Ill. 2d 366, 378-79 (1998). A postconviction proceeding contains three distinct stages. *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). Here, the circuit court dismissed James's petition at the second stage.

¶ 11 At the second stage, counsel may be appointed for the defendant. *Id.* Appointed counsel may amend the postconviction petition as necessary, and the State is allowed to file a motion to dismiss or answer the petition. *Id.* at 10-11. There is no constitutional right to counsel in proceedings under the Act, so a defendant is entitled to only reasonable assistance. *People v. Greer*, 212 Ill. 2d 192, 204 (2004).

¶ 12 To ensure the reasonable assistance of counsel, Rule 651(c) imposes three duties on postconviction counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Counsel must certify, or the record must show, that counsel (1) consulted with petitioner by phone, mail, electronic means, or in person to ascertain his or her contentions of constitutional deprivation; (2) examined the record of the trial proceedings; and (3) made any amendments to the petitions filed *pro se* that are necessary to adequately present petitioner's contentions. *Id.*; Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 13 Where postconviction counsel files a certificate attesting they fulfilled the duties of Rule 651(c), we presume that the defendant received reasonable assistance. See *People v. Custer*, 2019 IL 123339, ¶ 32. This presumption controls unless the defendant rebuts it. *Id.* We review postconviction counsel's compliance with Rule 651(c) *de novo. People v. Profit*, 2012 IL App (1st) 101307, ¶ 17.

¶ 14 James acknowledges his postconviction counsel filed a Rule 651(c) certificate but argues the record rebuts the presumption of reasonable assistance because counsel failed to amend his *pro se* petition "to include Figgures' affidavit or explain why the affidavit was missing." James goes so far as to suggest counsel may not even have attempted to contact Figgures, given her silence and awkward wording of her 651(c) certificate. We too question why counsel did not at least mention efforts to interview Figgures and attempts to obtain the affidavit, or why she did not amend James's *pro se* petition to delete any reference to it. Without this information we cannot be sure

that counsel sought out and examined all available evidence relevant to James's actual innocence claim. Nor can we tell if an amendment to the petition was necessary due to the inartful drafting of counsel's 651(c) certificate.

¶ 15 Counsel's original 651(c) certificate states she consulted with James, reviewed the court file and pre- and post-trial motions, obtained and examined the transcript of the bench trial and sentencing hearing, and interviewed "the *witnesses that were attached* to the post-conviction [petition] and confirmed by Mr. James." (Emphasis added.) We question what this phrase means. Did counsel interview the witnesses *mentioned* in James's *pro se* petition, including Figgures? Or did she only interview the witnesses whose *affidavits* were attached, which did not include Figgures? The parties take divergent views of the phrase "witnesses that were attached," and we cannot tell from the record what counsel meant to say.

¶ 16 Counsel later filed an amended 651(c) certificate, adopting her original certificate and attaching the affidavit of Sharmain Williams. Once again, the affidavit of Figgures is not mentioned and is nowhere to be found.

¶ 17 Unlike James, we do not automatically presume that postconviction counsel did not investigate Figgures's missing affidavit simply because she failed to mention it in her Rule 651(c) certificates. This is so because nothing in Rule 651(c) suggests that the certificate is intended to be a comprehensive recounting of all an attorney's postconviction efforts. See *People v. Jones,* 2011 IL App (1st) 092529, ¶ 24. However, where, as here, the *pro se* postconviction petition identifies a specific affidavit as a basis for the petition, "good practice and completeness" calls for the Rule 651(c) certificate to address the affidavit for the presumption of compliance to be invoked and for a proper review of defendant's claims by this court. See *People v. Blanchard,* 2015 IL App (1st) 132281, ¶ 18 (where the postconviction petition identifies specific exhibits as a basis for the

petition, "good practice and completeness calls for the Rule 651(c) certification to address the exhibits in order for the presumption of compliance to be invoked and for a proper review of defendant's claims by this court"); *Jones,* 2011 IL App (1st) 092529, ¶¶ 80-81 (Gordon, J., dissenting) (although postconviction counsel is under no obligation to recount all of their postconviction efforts, "once he chooses to list them and includes some and fails to include others, a reasonable implication is that he has failed to review the ones that he failed to list.").

¶ 18    We find it is essential to our review that we determine what postconviction counsel did in relation to Figgures. Accordingly, as this court did in *Blanchard,* 2015 IL App (1st) 132281, ¶ 19, and in *People v. Walker,* 2018 IL App (1st) 150066-U, ¶ 29, we vacate the dismissal of James's petition. We remand to the trial court to allow postconviction counsel to comply with the requirements of Rule 651(c), specifically as it relates to the Figgures affidavit referenced in James's *pro se* postconviction petition, and to allow a supplemental certificate and amended petition to be filed, if requested. Upon compliance with Rule 651(c), the circuit court shall reconsider James's petition or amended petition.

¶ 19                              B. Correction of Mittimus

¶ 20    The State requests this court to correct the mittimus to reflect the accurate sentence handed down by the circuit court. The mittimus shows a sentence of 24 years' imprisonment for armed robbery with a firearm. However, the record makes clear the circuit court's oral pronouncement sentenced James to "13 years on the armed robbery plus the enhancement of 15 years for a total of 28 years and that will be with a 3-year period of mandatory supervised release," in addition to 21 years for home invasion and 3 years for aggravated unlawful restraint, to be served concurrently.

¶ 21    James does not contest the validity of the State's representation but argues Illinois Supreme Court Rule 472 prevents this court from correcting the mittimus. Rule 472, enacted in 2019,

provides that, in criminal cases, the trial court retains jurisdiction to correct "clerical errors in the written sentencing order *** resulting in a discrepancy between the record and the actual judgment of the court." Ill. S. Ct. R. 472(a)(4) (eff. May 17, 2019). A party may file a motion to correct the error in the circuit court at any time. Ill. S. Ct. R. 472(a). In this case, the State discovered the error and raised it here on appeal but did not raise the claim in the trial court.

¶ 22    Rule 472(e) states as follows:

"In all criminal cases pending on appeal as of March 1, 2019, or appeals filed thereafter in which a party has attempted to raise sentencing errors covered by this rule for the first time on appeal, the reviewing court shall remand to the circuit court to allow the party to file a motion pursuant to this rule." Ill. S. Ct. R. 472(e).

¶ 23    In accordance with Rule 472(e), we remand this case to the circuit court to allow the State to file a motion to correct the clerical error in James's written sentencing order pursuant to Rule 472(a)(4).

¶ 24                              III. CONCLUSION

¶ 25    For the reasons stated, we vacate the judgment of the circuit court of Cook County dismissing James's petition and remand the case to allow postconviction counsel to comply with the requirements of Rule 651(c), specifically as it relates to the Figgures affidavit, and to allow a supplemental certificate and amended petition to be filed, if requested, and reconsidered. We also remand to allow the State to file a motion to correct the sentencing order.

¶ 26    Dismissal vacated; remanded with directions.