(No. 98433.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DONALD A. LANDER, Appellant.

*Opinion filed June 3, 2005.*

578

FREEMAN, J., joined by McMORROW, C.J., concurring in part and dissenting in part.

Robert Agostinelli, Deputy Defender, and Donna K. Kelly, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellant.

Lisa Madigan, Attorney General, of Springfield, and Sheldon R. Sobol, State's Attorney, of Morris (Gary Feinerman, Solicitor General, and Linda D. Woloshin and Russell K. Benton, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE KILBRIDE delivered the opinion of the court:

In this appeal, we consider whether: (1) defendant Donald A. Lander's court-appointed attorneys were required to comply with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)), when his *pro se* postconviction petition was not timely filed; and (2) the allegations in defendant's pleadings were sufficient to establish the delay in filing was not due to his culpable negligence. We hold that defendant's attorneys were required to comply with Rule

651(c) in these circumstances, and defendant failed to establish he was not culpably negligent in the late filing. Accordingly, we reverse the judgments below and remand to the circuit court for further postconviction proceedings.

## I. BACKGROUND

Defendant Donald A. Lander was convicted of aggravated battery of a child (720 ILCS 5/12—4.3(a) (West 1994)) and sentenced to 18 years' imprisonment. In a decision filed on March 15, 2000, the appellate court affirmed defendant's conviction and sentence. *People v. Lander*, No. 3—98—0698 (2000) (unpublished order under Supreme Court Rule 23). On August 13, 2001, defendant filed a *pro se* postconviction petition alleging he received ineffective assistance of counsel at his trial and on direct appeal. Defendant's postconviction petition was accompanied by a motion for leave to file a late petition.

In his motion, defendant alleged he spoke with a law clerk employed by the prison and several ''jailhouse lawyers'' when he arrived at Western Illinois Correctional Center (Western) in 1997. Defendant was informed by these various individuals that he was allowed three years after the date of the last court decision to file a postconviction petition. The law clerk and jailhouse lawyers also allegedly informed defendant that he could file affidavits with the court and they would be treated as a postconviction petition. Defendant alleged he filed affidavits in the trial court in December 1998 and March 1999, believing they would be treated as a postconviction petition.

Defendant further alleged he was transferred to Taylorville Correctional Center (Taylorville) in May 2000. When he arrived, defendant spoke with a staff member in the law library who stated law clerks had not been available at the prison for the past six months. Defendant then informed the prison librarian of the advice he had

received from the law clerk and jailhouse lawyers at Western. The prison librarian confirmed defendant was allowed three years after the date of the appellate court decision to file his postconviction petition and that the affidavits he filed would be treated as a postconviction petition. Defendant alleged he was unaware of the deadline for filing a postconviction petition due to his lack of legal knowledge.

At the first stage of the proceedings, the trial court found defendant's *pro se* petition was not frivolous or patently without merit (725 ILCS 5/122—2.1(a)(2) (West 2000)). The court appointed two attorneys to represent defendant. Defendant's appointed counsel then filed an amended motion for leave to file a postconviction petition, asserting defendant's *pro se* petition was in fact timely filed. In a subsequently filed second amended motion prepared by defendant's attorneys, defendant sought to withdraw his amended motion and restated more specifically the allegations in his previous *pro se* motion for leave to file a late petition. In particular, defendant alleged that in October 1997, he spoke with a law clerk at Western who stated the time for filing a postconviction petition did not expire until three years after the last court rendered a decision. Defendant identified Harold Anderson as an "inmate and jailhouse lawyer" at Western who stated defendant could file affidavits that would be treated by the court as a postconviction petition. Defendant alleged Kimberly Wells, Sherry Wells, and Lori Ann Lander filed affidavits on his behalf in December 1998 and March 1999, asserting someone other than defendant was responsible for the victim's injuries.

The second amended motion also identified Dwayne Purble as the "librarian or paralegal" in the Taylorville law library who advised him that he had three years after the appellate court decision was issued to file his petition and that the affidavits filed with the trial court would be

treated as a postconviction petition. Defendant asserted he was not informed by his trial or appellate counsel of the deadline for filing a postconviction petition, and he relied in good faith on the advice of the only people available with purported knowledge of the law.

No amended postconviction petition was ever filed. The State filed a "motion to dismiss petitioner's second amended motion for leave to file a late petition for postconviction relief." In its motion, the State sought dismissal of defendant's postconviction petition as untimely. Following a hearing, the trial court found the petition was untimely and defendant had failed to establish the delay in filing was not due to his culpable negligence. Accordingly, the trial court denied defendant's second amended motion for leave to file a late postconviction petition and granted the State's motion to dismiss defendant's *pro se* petition.

On appeal, defendant argued he was deprived of his right to reasonable assistance of counsel because his attorneys failed to comply with Rule 651(c) and that he alleged sufficient facts to establish the delay in filing his petition was not due to his culpable negligence. The appellate court held the Rule 651(c) consultation requirement did not apply in this case because counsel was required to argue successfully the late filing was not due to defendant's culpable negligence before the merits of the petition could be addressed. Therefore, counsel had no obligation to consult with defendant to ascertain his claims of constitutional deprivation until after the time bar was overcome. The appellate court further noted counsel included specific dates and names in the second amended motion in an effort to show the late filing was not due to defendant's culpable negligence. According to the appellate court, these actions demonstrated that counsel consulted with defendant and made any necessary amendments to his petition as required by Rule 651(c).

In reviewing defendant's claim that he was misinformed by various lay people concerning the filing deadline for his postconviction petition, the appellate court held these allegations were insufficient to demonstrate the delay in filing was not due to his culpable negligence. The appellate court therefore affirmed the judgment of the circuit court. No. 3—02—0436 (unpublished order under Supreme Court Rule 23). We granted defendant's petition for leave to appeal (177 Ill. 2d R. 315(a)).

## II. ANALYSIS

In this appeal, defendant contends the untimeliness of his *pro se* postconviction petition did not excuse his attorneys from fulfilling their duties under Rule 651(c) and that he was denied reasonable assistance of counsel due to their failure to comply with the rule. The State contends defendant's substantive claims could not have been presented until the time bar was overcome and, therefore, his attorneys had no obligation to comply with Rule 651(c) until they were granted leave to file a late petition. The State also asserts the actions of defense counsel were reasonable under the circumstances and fulfilled the requirements of Rule 651(c).

When a postconviction petition is dismissed without an evidentiary hearing, our review is *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 388-89 (1998). An indigent defendant is entitled to appointed counsel in postconviction proceedings if the petition is not summarily dismissed as frivolous or patently without merit. 725 ILCS 5/122—4 (West 2000). A defendant is entitled only to the level of assistance required by the Act, however, because the right to counsel is wholly statutory and is not mandated by the Constitution. *People v. Turner*, 187 Ill. 2d 406, 410 (1999); *People v. Williams*, 186 Ill. 2d 55, 60 (1999). The Act requires postconviction counsel to provide a "reasonable level of assistance" to a defendant.

(Emphasis omitted.) *People v. Owens*, 139 Ill. 2d 351, 364 (1990).

Supreme Court Rule 651(c) imposes specific obligations on postconviction counsel to assure the reasonable level of assistance required by the Act. *Turner*, 187 Ill. 2d at 410. Rule 651(c) requires that the record show counsel has: (1) consulted with the defendant either by mail or in person to ascertain his claims of deprivation of constitutional rights; (2) examined the record of the trial court proceedings; and (3) made any amendments to the *pro se* petition necessary for an adequate presentation of the defendant's contentions. 134 Ill. 2d R. 651(c). Compliance with the duties set forth in Rule 651(c) is mandatory (*People v. Munson*, 206 Ill. 2d 104, 137 (2002)), and may be shown by a certificate filed by postconviction counsel. 134 Ill. 2d R. 651(c). The failure to file a certificate showing compliance with Rule 651(c) is harmless error if the record demonstrates that counsel adequately fulfilled the required duties. *Williams*, 186 Ill. 2d at 59 n.1.

We hold that defendant's attorneys were required to comply with Rule 651(c) despite the untimeliness of defendant's *pro se* petition. We note this court has held the time requirement for filing a postconviction petition is considered an affirmative defense that may be raised, waived, or forfeited by the State. *People v. Boclair*, 202 Ill. 2d 89, 101 (2002). A dutiful prosecutor may waive this defense at the second stage of the postconviction proceedings if an untimely petition demonstrates the defendant suffered a deprivation of constitutional magnitude. *Boclair*, 202 Ill. 2d at 101-02.

Our holding in *Boclair* necessarily leads to the conclusion that Rule 651(c) applies in these circumstances. In *Boclair*, we established that the State may determine at the second stage of the proceedings whether to raise or waive the affirmative defense of untimeliness. A prosecu-

tor would have no reason to waive this affirmative defense if a meritorious constitutional claim is not presented in the petition. In order to present defendant's constitutional claims adequately, postconviction counsel must fully comply with the requirements of Rule 651(c). Therefore, to assure the reasonable assistance of counsel mandated by the Act, postconviction counsel must comply with Rule 651(c) and submit defendant's substantive claims to the State to give the prosecutor an opportunity to determine whether they are sufficient to merit the State's waiver of the affirmative defense of untimeliness. Accordingly, the untimeliness of defendant's petition did not excuse postconviction counsel from fulfilling their duties under Rule 651(c).

In this case, counsel did not file a certificate showing compliance with Rule 651(c) and the record does not demonstrate counsel fulfilled the required duties. The only evidence in the record indicating counsel may have consulted with defendant is contained in the second amended motion seeking leave to file a late petition. The allegations contained in that motion, however, only relate to the timeliness of the petition and whether defendant was culpably negligent in the late filing. Thus, even if these allegations are sufficient to show consultation occurred, they clearly do not demonstrate that counsel consulted with defendant to ascertain his claims of constitutional deprivation as required by Rule 651(c).

The failure to comply with the consultation requirement in itself demonstrates noncompliance with Rule 651(c). Therefore, we need not discuss whether counsel fulfilled the other duties under Rule 651(c). We conclude the performance of defendant's postconviction counsel was unreasonable and fell below the level of assistance mandated by Rule 651(c). This matter must be remanded to the circuit court for further postconviction proceedings where defendant is entitled to receive reasonable assistance of counsel.

Defendant also contends the circuit court erred in dismissing his petition as untimely at the second stage of the proceedings. Defendant concedes his petition was filed outside the time limitation period of the Act (725 ILCS 5/122—1(c) (West 2000)), but argues he alleged sufficient facts to show the delay was not due to his culpable negligence. Defendant asserts his good-faith reliance on the advice of "jailhouse lawyers," a prison law clerk, and a law librarian was reasonable and cannot be considered culpable negligence. In response, the State contends it was defendant's sole responsibility to ensure his postconviction petition was timely filed and he could have determined the applicable time period by a cursory review of the Act. According to the State, defendant's reliance on the advice of laypeople was unreasonable and is not sufficient to show the late filing was not due to his culpable negligence.

When reviewing a motion to dismiss at the second stage of the proceedings, we accept as true all factual allegations that are not positively rebutted by the record. *People v. Childress*, 191 Ill. 2d 168, 174 (2000). As previously stated, we review the dismissal of a postconviction petition without an evidentiary hearing *de novo*. *Coleman*, 183 Ill. 2d at 388-89.

Postconviction proceedings may not be commenced outside the time limitation period in the Act unless the defendant alleges sufficient facts to show the delay in filing was not due to the defendant's culpable negligence. 725 ILCS 5/122—1(c) (West 2000). In *Boclair*, this court examined the meaning of the term "culpable negligence" in the Act. *Boclair*, 202 Ill. 2d at 106-08. In doing so, we reviewed definitions of this term from several sources. These definitions generally showed culpable negligence entails blameable neglect involving " 'a disregard of the consequences likely to result from one's actions.' " *Boclair*, 202 Ill. 2d at 106, quoting Black's Law Dictionary

1056 (7th ed. 1999). Accordingly, we concluded the culpable negligence standard in the Act "contemplates something greater than ordinary negligence and is akin to recklessness." *Boclair*, 202 Ill. 2d at 108.

Defendant relies heavily on this court's recent decision in *People v. Rissley*, 206 Ill. 2d 403 (2003), in arguing that the facts here show the delay in filing was not due to his culpable negligence. In *Rissley*, the defendant alleged the attorney who represented him in his direct appeal contacted him and informed him any postconviction proceeding would have to be filed within three years after the date of his conviction. *Rissley*, 206 Ill. 2d at 417-18. In an attached affidavit, the defendant's direct appeal counsel confirmed he gave the defendant this advice. *Rissley*, 206 Ill. 2d at 418. We found the defendant had no reason to question the advice he received from his direct appeal counsel. Based on this advice, the defendant reasonably believed he had timely filed his petition. *Rissley*, 206 Ill. 2d at 421. Applying the standard from *Boclair*, we found the defendant's conduct could not fairly be viewed as blameable and did not evince an indifference to the likely consequences. *Rissley*, 206 Ill. 2d at 421. Accordingly, we held the defendant had established the delay in filing his petition was not due to his culpable negligence. *Rissley*, 206 Ill. 2d at 421.

In this case, defendant alleged he received erroneous advice as to the filing deadline for his petition from a law clerk employed by the prison and several "jailhouse lawyers." This advice was subsequently confirmed by Dwayne Purble, who was identified as a "librarian or paralegal" at Taylorville. The remaining allegations in defendant's pleadings do not pertain to the filing deadline or the reason for defendant's late filing.

We find that this case is distinguishable from *Rissley*. In *Rissley*, the defendant was not culpably negligent in the late filing because he reasonably relied on the advice

of his attorney on direct appeal, a person who had obvious expertise in legal matters and, in particular, criminal appeals. *Rissley*, 206 Ill. 2d at 421. In contrast, defendant did not allege sufficient facts to show his reliance on the advice of jailhouse lawyers, a prison law clerk, and a law librarian or paralegal was reasonable. While defendant argues his reliance on the advice of the law clerk and law librarian was reasonable because they were employed in the prison library system, he did not allege in his pleadings that these individuals were hired to assist inmates with postconviction matters. Further, defendant did not allege the jailhouse lawyers, law clerk or librarian had any particular training in postconviction matters providing them with specialized knowledge of the filing deadline for a postconviction petition. We cannot find defendant's reliance on the advice of these individuals was reasonable when there are no facts to show they had any specialized knowledge in postconviction matters.

Moreover, defendant alleged he sought advice concerning the deadline for filing his petition from the librarian at Taylorville after he had previously received advice on this same matter from jailhouse lawyers and a law clerk at Western. Defendant's actions show he questioned the advice he received from the jailhouse lawyers and law clerk because he continued to seek other advice concerning the deadline for filing his petition. Thus, defendant's own conduct indicates his reliance on the advice of the jailhouse lawyers and law clerk was not reasonable.

It is well settled that all citizens are charged with knowledge of the law. *Boclair*, 202 Ill. 2d at 104, quoting *Atkins v. Parker*, 472 U.S. 115, 130, 86 L. Ed. 2d 81, 93, 105 S. Ct. 2520, 2529 (1985). Ignorance of the law or legal rights will not excuse a delay in filing a lawsuit. *Boclair*, 202 Ill. 2d at 104-05, quoting *Pyle v. Ferrell*, 12 Ill. 2d 547, 555 (1958). Thus, the sole obligation of knowing

the time requirements for filing a postconviction petition remains with the defendant. Defendant's entrustment of this responsibility to jailhouse lawyers, a prison law clerk, and a law librarian who had no proven specialized knowledge in postconviction matters shows an indifference to the consequences likely to follow from his actions.

We caution that our determination in this regard is fact-specific and is not amenable to an easily defined standard or rule. Rather, each case must be examined on its own facts. Based on the specific facts of this case, we conclude defendant's reliance on the advice of jailhouse lawyers, a law clerk, and a law librarian is insufficient to establish the delay in filing was not due to defendant's culpable negligence.

Finally, defendant, in a brief and conclusory argument, asserts a violation of his constitutional right to equal protection of the law. Defendant claims allowing an exception to the time requirement for a defendant who relies on the advice of an attorney, but refusing to allow such an exception for those who rely on the erroneous advice of prison law librarians or law clerks, results in a deprivation of his right to equal protection.

The equal protection guarantee requires the government to treat similarly situated individuals in a similar manner. *In re Adoption of L.T.M.*, 214 Ill. 2d 60, 74 (2005), quoting *In re R.C.*, 195 Ill. 2d 291, 309 (2001). State action is a prerequisite to invoking the equal protection clause. *L.T.M.*, 214 Ill. 2d at 73.

Defendant apparently argues the defendant in *Rissley* received a benefit of counsel that was not available to him in this case. The legal advice given by direct appeal counsel in *Rissley*, however, was purely voluntary. See *Rissley*, 206 Ill. 2d at 417-18. Defendant has been treated the same as other defendants in not being appointed counsel at the first stage of postconviction proceedings.

We find the equal protection clause does not apply in this case because there was no state action resulting in dissimilar treatment.

### III. CONCLUSION

For the foregoing reasons, we reverse the dismissal of defendant's postconviction petition. This matter is remanded to the circuit court to allow defendant an opportunity to amend his postconviction petition with the benefit of reasonable assistance of counsel. The State will then have an opportunity to review defendant's constitutional claims and determine whether to waive or assert the affirmative defense of untimeliness.

*Judgments reversed;*
*cause remanded with directions.*

JUSTICE FREEMAN, concurring in part and dissenting in part:

I agree with the majority that, despite the untimely filing of defendant's postconviction petition, the consultation requirement of Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)) was not met in this case and, therefore, that the cause must be remanded to the circuit court. However, I do not agree with the majority's decision to address the issue of whether defendant's delay in filing his postconviction petition was due to his culpable negligence.

As the majority explains, the reason why counsel must fulfill the consultation requirement of Rule 651(c) in this case, and the reason this cause must be remanded to the circuit court, is because a challenge to the timeliness of a postconviction petition is an affirmative defense that may be waived by the State. See 215 Ill. 2d at 585 ("postconviction counsel must comply with Rule 651(c) and submit defendant's substantive claims to the State to give the prosecutor an opportunity to determine whether they are sufficient to merit the State's waiver of

the affirmative defense of untimeliness"). However, since the State may elect upon remand to waive the untimeliness of defendant's petition in this case (see *People v. Boclair*, 202 Ill. 2d 89, 101-02 (2002)), it is clearly premature for this court to be addressing the issue of whether defendant was culpably negligent in filing his petition. The remand proceedings have not yet occurred, defense counsel has not yet consulted with defendant or made further amendments to the postconviction petition, and the State has not yet chosen to invoke the affirmative defense of untimeliness. That being the case, that portion of the majority's opinion which addresses the timeliness of defendant's petition and whether defendant was culpably negligent is advisory. Advisory opinions are to be avoided. *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 157 (2002). Unlike the majority, I would not address the question of whether defendant was culpably negligent and I express no opinion on that issue.

CHIEF JUSTICE McMORROW joins in this partial concurrence and partial dissent.