2020 IL App (1st) 162752-U

No. 1-16-2752

February 13, 2020

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 07 CR 4556 |
| | ) | |
| TERRENCE KENDRICK, | ) | Honorable |
| | ) | Domenica A. Stephenson, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Justices McBride and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court properly denied defendant leave to file a successive postconviction petition where defendant failed to satisfy the cause prong of the cause and prejudice test by failing to include his claim in his initial postconviction petition.

¶ 2    Defendant Terrence Kendrick appeals from the trial court's denial of his *pro se* motion for leave to file a successive petition for postconviction relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)). He contends that he satisfied the requisite cause and prejudice test to file a successive petition regarding his claim that appellate counsel was ineffective

for failing to argue first-prong plain error on direct appeal where this court found the trial court committed a Rule 431(b) (Ill. S. Ct. R. 431(b) (eff. May 1, 2007)) violation that did not constitute second-prong plain error. For the following reasons, we affirm.

¶ 3    Following a 2008 jury trial, defendant was convicted of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(4) (West 2002)) of the victim, K.C., and sentenced to 45 years' imprisonment. We set forth the facts of the case in our affirmance of defendant's conviction on direct appeal (*People v. Kendrick*, 2013 IL App (1st) 090120-B) and we recite them here to the extent necessary to our disposition.

¶ 4    The evidence at trial established that early on September 14, 2003, 16-year-old K.C. was walking home when defendant approached her from behind, placed something against her back, and forced her into a car. Defendant drove K.C. to an alley. He forced her into the back seat of his car, where he pulled her pants down and inserted his penis into her vagina. Afterward, defendant let K.C. go and asked her if she needed money to get home. K.C. declined and walked to a hospital, where she provided a blood sample and a vaginal swab for a sexual assault kit. The swabs from the kit contained DNA profiles for K.C. and a primary male donor.

¶ 5    In 2006, defendant was arrested on an unrelated charge and required to provide a blood sample. His DNA matched the DNA profile from K.C.'s sexual assault kit. K.C. later identified defendant as her attacker in a physical lineup on February 8, 2007.

¶ 6    The jury found defendant guilty of aggravated criminal sexual assault and the court sentenced him to 46 years' imprisonment.

¶ 7    On direct appeal, defendant argued, in pertinent part, that the trial court committed a Rule 431(b) violation. In setting forth his argument, he acknowledged that he had not preserved the

issue for appeal but asserted that the court's failure to properly question prospective jurors pursuant to Rule 431(b) was reversible error under the second prong of the plain error doctrine, *i.e.,* the error was so serious that it affected the integrity of the judicial process. We affirmed his conviction. *People v. Kendrick,* No. 1-09-0120 (2010) (unpublished order under Supreme Court Rule 23).

¶ 8 Defendant thereafter filed a petition for leave to appeal to the Illinois Supreme Court. The court denied the petition, but entered a supervisory order, directing this court to reconsider our decision in light of *People v. Leach*, 2012 IL 111534. *People v. Kendrick*, No. 111705 (Jan. 30, 2013). Pursuant to that order, we vacated our earlier decision and again affirmed defendant's conviction, finding, in relevant part, that although the court violated Rule 431(b), the error was not structural, and "absent evidence of a biased jury, a violation of 431(b) is not reversible under the second prong of plain-error review." *Kendrick*, 2013 IL App (1st) 090120-B, ¶ 19.

¶ 9 While his petition for leave to appeal was pending, defendant, acting *pro se*, filed his first postconviction petition under the Act on May 2, 2011, alleging that (1) trial and appellate counsel were ineffective for failing to contest the sufficiency of the evidence, (2) the indictment did not apprise him of the charged offenses, (3) trial counsel was ineffective for failing to challenge the indictment, and (4) a witness committed perjury during grand jury proceedings. The court summarily dismissed his petition. On appeal, defendant claimed he raised an arguable constitutional claim of ineffective assistance of appellate counsel based on counsel's failure to argue that the court's Rule 431(b) violation constituted plain error under the first prong of plain error analysis. We affirmed the summary dismissal of his petition, finding defendant forfeited his Rule 431(b) claim by failing to include it in his petition. *People v. Kendrick*, 2013 IL App (1st) 112378-U, ¶ 13.

¶ 10 On April 15, 2014, defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)). The trial court denied defendant's petition on July 18, 2014. He appealed from that denial, but voluntarily dismissed his appeal. *People v. Kendrick*, No. 1-14-2594 (2016).

¶ 11 On March 16, 2016, defendant filed the *pro se* motion for leave to file a successive postconviction petition at issue in the instant case. Defendant argued, *inter alia*, that appellate counsel was ineffective for failing to "challenge the closeness of the evidence on direct appeal" which resulted in forfeiture of plain error review of the trial court's Rule 431(b) violation. He contended he did not need to show the jury was biased under the closely-balanced prong of the plain error doctrine. Defendant claimed he was prejudiced by appellate counsel's failure to argue first-prong plain error because the evidence at trial was closely balanced where he presented a consent defense, there was no evidence of sexual assault on the victim, and the victim's testimony was "littered with inconsistencies."

¶ 12 On August 29, 2016, the trial court denied defendant leave to file a successive petition under the Act. The court found, in relevant part, that defendant failed to satisfy the cause and prejudice test as required by the Act (725 ILCS 5/122-1(f) (West 2016)) with respect to his claim regarding appellate counsel's failure to argue first-prong plain error in relation to the trial court's Rule 431(b) violation. This appeal follows.[1]

¶ 13 On appeal, defendant argues that the trial court improperly denied him leave to file a successive postconviction petition where his claim of ineffective assistance of appellate counsel satisfied the cause and prejudice test. In particular, he alleges that appellate counsel was ineffective

---

[1] Defendant currently has another appeal pending in case number 1-17-2624.

for failing to argue both prongs of plain error on direct appeal with respect to the argument that the trial court violated Rule 431(b) during *voir dire*.

¶ 14    The Act allows criminal defendants to challenge their convictions or sentences on grounds of constitutional violations. *People v. Beaman*, 229 Ill. 2d 56, 71 (2008). The Act generally contemplates the filing of only one postconviction petition (725 ILCS 5/122-1(f) (West 2016)), and "it expressly provides that any claim not raised in the original or amended petition is waived" (*People v. Evans*, 2013 IL 113471, ¶ 10; 725 ILCS 5/122-3 (West 2016)). A defendant seeking to file a successive postconviction petition must first obtain "leave of court." See 725 ILCS 5/122-1(f) (West 2016); *People v. Tidwell,* 236 Ill. 2d 150, 157 (2010). The bar against successive proceedings is relaxed in cases where the defendant can satisfy (1) the cause and prejudice test of the Act for failing to raise the claim earlier; or (2) the "fundamental miscarriage of justice" exception, set forth as a claim of actual innocence. 725 ILCS 5/122-1(f) (West 2016); *People v. Edwards,* 2012 IL 111711, ¶¶ 22, 23.

¶ 15    To file a successive postconviction petition based on constitutional claims other than claims of actual innocence, such as defendant's ineffective assistance of counsel claim, the defendant must establish "cause and prejudice" related to the failure to raise the claim sooner. *People v. Pitsonbarger,* 205 Ill. 2d 444, 460 (2002); 725 ILCS 5/122-1(f) (West 2016). "Cause" can be shown by identifying "an objective factor external to the defense that impeded [the defendant's] efforts to raise his claim in the earlier [postconviction] proceeding." *People v. Edwards,* 2012 IL App (1st) 091651, ¶ 20; 725 ILCS 5/122-1(f) (West 2016). "Prejudice" requires a showing that "the claim not raised during [the defendant's] initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS

5/122-1(f) (West 2016). We review the circuit court's denial of leave to file a successive petition *de novo*. *Edwards*, 2012 IL App (1st) 091651, ¶ 25.

¶ 16    Defendant argues that he satisfied the cause prong by showing that he could not raise his ineffectiveness claim in the earlier proceeding because he was unaware of the claim until postconviction counsel informed him of it on appeal from the summary dismissal of his initial petition.

¶ 17    Our supreme court "has made very clear that 'all citizens are charged with knowledge of the law' and that '[i]gnorance of the law or legal rights will not excuse a delay in filing a lawsuit.' " *Evans*, 2013 IL 113471, ¶ 13 (quoting *People v. Lander*, 215 Ill. 2d 577, 588 (2005)). In *Evans,* 2013 IL 113471, ¶ 13, our supreme court held that the petitioner could not claim ignorance of the law as "cause" to justify the petitioner's failure to include a claim in his initial postconviction petition.

¶ 18    Defendant filed his initial postconviction petition in 2011. In the petition, he raised various claims of ineffective assistance of trial and appellate counsel. Admittedly, at that time, defendant's petition for leave to appeal to the supreme court was pending, and his direct appeal had not yet been fully resolved. However, by that point, appellate counsel had argued that the trial court's violation of Rule 431(b) was reversible error under the second prong of the plain error doctrine. Thus, the facts surrounding defendant's current claim—that appellate counsel was ineffective for failing to also argue the first prong of plain error—were known to defendant when he submitted his initial petition, and he was charged with knowledge of the claim. See *Evans*, 2013 IL 113471, ¶ 13. Therefore, his argument that he did not know of his claim prior to speaking with postconviction counsel on appeal fails to demonstrate the requisite cause necessary to obtain leave

to file a successive petition. See *People v. Sutherland*, 2013 IL App (1st) 113072, ¶ 19 (finding the defendant's unawareness of claim and lack of representation did not establish cause for failing to bring the claim in an initial postconviction petition).

¶ 19 Moreover, defendant's *pro se* status also does not excuse this failure. We have previously found that a *pro se* petitioner's lack of representation by counsel during initial postconviction proceedings does not establish cause for the failure to bring a claim in an initial petition. *Sutherland*, 2013 IL App (1st) 113072, ¶ 19. The Illinois Supreme Court has held that prisoners do not have a constitutional right to be represented by counsel in postconviction proceedings. *People v. Suarez,* 224 Ill. 2d 37, 42 (2007); *People v. Porter,* 122 Ill. 2d 64, 75-77 (1988). "This is so *even where those proceedings are the first tier of review for an ineffective assistance of trial counsel claim.*" (Emphasis in original.) *Sutherland*, 2013 IL App (1st) 113072, ¶ 19 (citing *People v. Ligon,* 239 Ill. 2d 94, 113 (2010)). Accordingly, because defendant cannot satisfy the cause prong of the cause and prejudice test, the trial court properly denied him leave to file a successive postconviction petition. See *Edwards,* 2012 IL App (1st) 091651, ¶ 32 (both the "cause" and "prejudice" prongs must be met before leave to file a successive petition will be granted).

¶ 20 For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 21 Affirmed.